IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-100-2BO
NO. 5:11-CV-387-BO

| | |
|---|---|
| SOCRATES DAVID LANTIGUA )<br>  Petitioner, )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA, )<br>  Respondent. ) | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 51]. An evidentiary hearing was held before the undersigned on August 22, 2012, at Raleigh, North Carolina. For the reasons discussed below, petitioner's motion to vacate is denied.

## BACKGROUND

Petitioner, Mr. Lantigua, was sentenced by this Court on August 17, 2010, to a term of sixty months' imprisonment following his plea of guilty without a plea agreement to a charge of possession with intent to distribute 500 grams or more of cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 2. Mr. Lantigua did not file a direct appeal. Mr. Lantigua then timely filed the instant § 2255 petition alleging three grounds for relief. Mr. Lantigua contends that he was denied his right to appeal due to his counsel's failure to file a requested appeal, that his counsel was ineffective by abandoning petitioner at attempts at cooperation during sentencing, and finally that counsel was ineffective by failing to object to drug attribution.

On April 30, 2012, Mr. Lantigua, through counsel, filed a notice of intent to withdraw

grounds two and three of the pending motion to vacate. Accordingly, the Court considers only Mr. Lantigua's motion as it pertains to ground one, his request to notice a direct appeal. The government opposes relief in this matter, contending that Mr. Lantigua did not request that counsel file a notice of appeal. In light of *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), the government did not oppose a hearing to determine whether Mr. Lantigua's counsel was instructed to notice an appeal.

## DISCUSSION

Defense counsel's failure to file a notice of appeal when requested deprives a defendant of his Sixth Amendment right to effective assistance of counsel, even if the requested appeal will likely not succeed. *Peak*, 992 F.2d. at 42. The issue before this Court then is to determine whether Mr. Lantigua actually requested that his attorney file a notice of appeal.

Defense counsel for Mr. Lantigua, Mr. Hale, testified at the hearing. Mr. Hale stated that Mr. Lantigua did not request that he file a notice of appeal. To the contrary, Mr. Hale recalled their positive discussion concerning the fact that Mr. Lantigua had received a sentence at the low end of his sentencing guidelines range. Further, Mr. Lantigua contacted Mr. Hale by letter a little over a month after his sentence was imposed, and that letter did not reference a request to appeal or any belief that an appeal was or should have been in progress.

Mr. Lantigua and his sister also testified at the hearing, stating that Mr. Lantigua had specifically requested that Mr. Hale file a notice of appeal following imposition of his sentence.

Having considered the conflicting testimony in this matter, the Court credits the testimony of Mr. Hale and finds that Mr. Lantigua did not expressly request that an appeal be filed on his behalf. Accordingly, Mr. Hale's performance was not *per se* ineffective under *Peak*.

2

The Court further finds that Mr. Hale's performance was not deficient under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court addressed counsel's failure to file a notice of appeal even when not instructed to do so by a defendant, holding that such circumstance requires application of the two-part *Strickland* inquiry and consideration of counsel's assistance in light of the circumstances of each case. *Id.* at 478 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The Supreme Court considered two situations under which such a claim might arise. First, the Court held that if counsel has consulted with the defendant about the possibility of an appeal, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. Second, if counsel had not consulted with the defendant about the possibility of an appeal, a court must consider "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* Counsel has a duty to consult with a defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.

Mr. Hale stated that he believes that he consulted with Mr. Lantigua about the possibility of an appeal and that Mr. Lantigua did not request an appeal. In light of the lack of evidence regarding whether Mr. Hale consulted with Mr. Lantigua about an appeal, such as detailed notes or a signed statement indicating that appeal rights had been discussed, the Court will consider whether Mr. Hale's performance was deficient assuming he did not consult with Mr. Lantigua about an appeal.

As discussed above, the Court does not credit the testimony of Mr. Lantigua that he

3

requested an appeal, and the Court has no evidence before it to suggest that Mr. Lantigua otherwise reasonably demonstrated to Mr. Hale that he was interested in appealing. Mr. Lantigua has not proffered any letters to Mr. Hale suggesting that he was unhappy with his sentence, and the Court fails to be persuaded by the testimony of Mr. Lantigua's sister regarding any attempt to contact Mr. Hale about an appeal. Further, the Court agrees with Mr. Hale's assessment that he did not think Mr. Lantigua, or any rational defendant, would want to appeal because Mr. Lantigua had pleaded guilty, there were no contested issues at sentencing, and Mr. Lantigua received a sentence at the low end of his sentencing guidelines range, specifically three months more than the bottom of the recommended range of fifty-seven to seventy-one months. Accordingly, the Court finds that even if counsel did not consult with Mr. Lantigua about an appeal, such failure does not constitute deficient performance.

Also pending is Mr. Lantigua's *pro se* petition for writ of mandamus or alternatively motion to compel. Mr. Lantigua seeks to compel the government to file a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Rule 35(b) provides that a court may reduce a defendant's sentence to reflect substantial assistance upon motion by the government. The Court may only reduce a defendant's sentence in the absence of a motion by the government if the government is obliged to move for a departure in a plea agreement and fails to do so or if the government's refusal to move for a reduction is based on an unconstitutional motive. *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181 (1992)).

Here, Mr. Lantigua did not enter his plea pursuant to a plea agreement with the government. In order to show that the government's refusal to move for a reduction is based on

4

an unconstitutional motive, Mr. Lantigua must make "a substantial threshold showing" that the government's motive is unconstitutional. *Wade*, 504 U.S. at 186. Failure to make such a showing results in petitioner not being entitled to either an evidentiary hearing on the issue or relief. *Id.*

Mr. Lantigua alleges only that he provided substantial assistance to the government and has failed identify any unconstitutional motive. Accordingly, petitioner falls woefully short of making a substantial threshold showing that he is entitled to a reduction of his sentence in the absence of a motion by the government. Mr. Lantigua's petition for writ of mandamus and alternatively motion to compel is denied.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a

certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 51] is DENIED. Petitioner's petition for writ of mandamus or alternatively motion to compel [DE 52] is also DENIED. Furthermore, the Court declines to issue a certificate of appealability.

SO ORDERED, this **16** day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE